# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CLIFFORD L. RUCKER,<br>    Petitioner, | Case No. 1:12-cv-715 |
| vs | Dlott, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

      Petitioner has submitted an application for leave to proceed *in forma pauperis* in connection with a *pro se* "motion for relief" pursuant to 28 U.S.C. § 1651, which this Court has construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). On September 25, 2012, the undersigned issued a Deficiency Order because petitioner had not submitted "any financial information from his institution of incarceration to allow the Court to determine if he is without the funds to pay the [$5.00] filing fee in this case." (Doc. 2). Petitioner was ordered to either pay the $5.00 fee or submit a certified copy of his prison trust fund account statement, completed and signed by the cashier at his institution of incarceration, within thirty (30) days. (Doc. 2). Petitioner was also advised that his failure to comply with the Order "will result in the dismissal of the action for want of prosecution." (*Id.*).

      To date, more than thirty (30) days after the filing of the Deficiency Order, petitioner has failed to comply with the Court's Order.[1]

      District courts have the inherent power to *sua sponte* dismiss civil actions for want of

---

[1] It is noted that petitioner did file an objection to the Deficiency Order. (Doc. 4). However, the objection was denied by the district court on October 11, 2012. (Doc. 5). In denying the objection, the court did not extend the 30-day deadline that was originally established for compliance with the September 25, 2012 Deficiency Order.

prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**


   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge